PETER PETROCELLI, an Infant, by His Guardian ad Litem, MARY PETROCELLI, et al., Respondents, v. ROCKVILLE DAIRIES, INC., Appellant.— In an action to recover damages for personal injuries, and for medical expenses and loss of services, the appeal is from an order denying appellant's motion for a further or supplemental bill of particulars. Order affirmed, with $10 costs and disbursements. No opinion. Beldock, Acting P. J., Kleinfeld, Christ, Pette and Brennan, JJ., concur.

STEPHANIE PHILIP, an Infant, by MARCIN PHILIP, Her Guardian ad Litem, et al., Respondents, v. TIMOTHY P. KELLY, Defendant, and TOWN OF PATTERSON et al., Appellants.— In a consolidated action to recover damages for wrongful death and for personal injuries, and for medical expenses and loss of services, the appeal as limited by appellants' brief is from so much of a judgment, entered on a jury's verdict, as is in favor of respondents against appellants. Judgment insofar as it is in favor of respondents against appellants reversed, action severed as between respondents and appellants, and a new trial granted as to those parties, with costs to appellants to abide the event. Defendant Kelly drove his truck on a rural town road in the nighttime and struck the intestate and the infant respondent. The road was without curbs, sidewalks, or shoulders and with vegetation at the sides of the pavement. The complaint alleges that defendant Kelly, in order to avoid a hole in the left side of the road, with which he was familiar, drove his truck off the pavement and struck the two pedestrians while they were six feet to the right of the edge of the pavement. The evidence, at variance with the pleadings, is that defendant Kelly's truck never left the pavement, that foliage overhung the pavement, that defendant Kelly drove through the edge of the overhanging foliage, and that contact with the two pedestrians followed. There is evidence that the infant respondent was in contact with the truck while she was on the pavement. The evidence is undisputed that a severe storm three days before the accident had bent over branches of trees and shrubs, that it damaged buildings and electric power supplies, and that such havoc existed throughout the town and the county. In our opinion, the finding, implicit in the verdict, that appellants' negligence was a concurring cause of respondents' injuries and damages, is contrary to the evidence. Ughetta, Acting P. J., Kleinfeld, Christ, Pette and Brennan, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MELVIN CUMMINGS, Appellant.— Appeal from a judgment of conviction rendered by the County Court, Queens County, January 7, 1958. On November 1, 1957 appellant was found guilty, by a jury, of kidnapping, robbery in the first degree, sodomy in the first degree (two counts), and of possession of a dangerous weapon as a misdemeanor. On January 7, 1958 appellant was sentenced to serve from 20 to 25 years on the kidnapping count, execution of which was suspended, 10 to 15 years on the robbery count, 5 to 10 years on each of the sodomy counts, the sentences to run concurrently, and sentence was suspended on the dangerous weapon count. Judgment unanimously affirmed. No opinion. Present — Nolan, P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH GILMORE, Appellant.— Appeal from a judgment of conviction rendered by the County Court, Queens County, January 7, 1958. On November 1, 1957 appellant was found guilty, by a jury, of kidnapping, robbery in the first degree, sodomy in the first degree (two counts), and of possession of a dangerous weapon as a misdemeanor. On January 7, 1958 appellant was sentenced to serve from 20 to 25 years on the kidnapping count, 10 to 15 years on the robbery count, 5 to 10 years on each of the sodomy counts, the sentences to run con-

currently, and sentence was suspended on the dangerous weapon count. Judgment unanimously affirmed. No opinion. Present — Nolan, P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIE HOLTON, Appellant.— Appeal from a judgment of conviction rendered by the County Court, Queens County, January 7, 1958. On November 1, 1957 appellant was found guilty, by a jury, of kidnapping, robbery in the first degree, sodomy in the first degree (two counts), and of possession of a dangerous weapon as a misdemeanor. On January 7, 1958 appellant was sentenced to serve from 20 to 25 years on the kidnapping count, execution of which was suspended, 10 to 15 years on the robbery count, 5 to 10 years on each of the sodomy counts, the sentences to run concurrently, and sentence was suspended on the dangerous weapon count. Judgment unanimously affirmed. No opinion. Present — Nolan, P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BILL SHERIFF, Appellant.— Appeal (1) from a judgment rendered by the County Court, Kings County, June 19, 1959, sentencing appellant, after he had been found guilty by a jury, of burglary in the third degree and petit larceny, to serve from four to eight years on the burglary count and suspending sentence on the petit larceny count, and (2) from each and every intermediate order therein made. Judgment unanimously affirmed. No opinion. No separate appeal lies from the intermediate orders, which have been reviewed on the appeal from the judgment of conviction. Present — Nolan, P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES SIMS, Appellant.— Appeal from a judgment of conviction rendered by the County Court, Queens County, January 7, 1958. On November 1, 1957 appellant was found guilty, by a jury, of kidnapping, robbery in the first degree, sodomy in the first degree (two counts), and of possession of a dangerous weapon as a misdemeanor. On January 7, 1958 appellant was sentenced to serve from 20 to 25 years on the kidnapping count, 10 to 15 years on the robbery count, 5 to 10 years on each of the sodomy counts, the sentences to run concurrently, and sentence was suspended on the dangerous weapon count. Judgment unanimously affirmed. No opinion. Present — Nolan, P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ.

■ SYLVIA STANITIS et al., Respondents, v. MICHAEL CECERE et al., Appellants.— In an action to recover damages for injuries to person and property (1st and 2d causes of action), and for medical expenses and loss of services (3d cause of action), the appeal is from a judgment of the City Court of Mount Vernon, entered upon a jury's verdict, in favor of respondents on the first and second causes of action. Respondent Sylvia Stanitis was injured when a motor vehicle owned by her husband, respondent Joseph Stanitis, and operated by her, was involved in a collision with a motor vehicle owned by appellant Michael Cecere and operated by appellant Luigi Cecere. Judgment reversed, first and second causes of action severed, and a new trial ordered as to the issues raised by said causes of action and the answer thereto, with costs to abide the event. There was testimony that in an effort to obtain sufficient clearance to complete a turn, respondent Sylvia Stanitis backed her vehicle partly into an intersection in the path of appellants' oncoming vehicle, and came to a stop about three or four seconds prior to the impact. There is nothing to show, however, that appellant Luigi Cecere had actual knowledge of the danger in time to avert the collision. Under the circumstances, it was error to charge that liability could be predicated on the doctrine of last clear chance (*Hernandez* v. *Brooklyn*